IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES PALMER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 06-3253 |
| ROGER ZIMMERMAN, Warden, | ) ) ) |
| Respondent. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Respondent Roger Zimmerman's Motion to Dismiss (d/e 10). Petitioner Charles Palmer mailed his Petition for Habeas Corpus Relief (d/e 2) on September 27, 2006. 28 U.S.C. § 2254. Zimmerman now moves to dismiss the Petition on the grounds that it is barred by the statute of limitations. 28 U.S.C. § 2244 (d)(1)(A). Zimmerman is correct, and this case is, therefore, dismissed.

Palmer was convicted of first-degree murder and sentenced in Macon County, Illinois, Circuit Court in April 2000. Motion to Dismiss, Exhibit A, People v. Palmer, No. 4-00-0634, Rule 23 Order Entered September 25,

2001, at 1. The conviction was affirmed by the Illinois Appellate Court for the Fourth District on September 25, 2001. Id. Palmer then filed a Petition for Leave to Appeal (PLA) in the Illinois Supreme Court. The Illinois Supreme Court denied his PLA on February 6, 2002. Motion to Dismiss, Exhibit B, Denial of PLA in People v. Palmer, No. 92669. Palmer filed a state post-conviction petition on August 18, 2002. Motion to Dismiss, Exhibit C, PLA in People v. Palmer, No. 99550, at 6.[1] The state petition was dismissed, and the dismissal was appealed by Palmer. The dismissal was affirmed by the Appellate Court, and Palmer filed a PLA with the Illinois Supreme Court, which was denied on September 29, 2005. Motion to Dismiss, Exhibit E, Denial of PLA in People v. Palmer, No. 99550. Palmer mailed this Petition on September 27, 2006.

The statute of limitations for a § 2254 habeas petition states:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The Court notes that August 18, 2002, was a Sunday.

>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

Based on the claims in Palmer's Petition, the statute began to run on the date his judgment of conviction became final. 28 U.S.C. § 2244(d)(1)(A). For purposes of § 2244, his conviction became final ninety days after the Illinois Supreme Court denied his PLA, on February 6, 2002, or May 7, 2002. The ninety days represented the time that he had to file a petition for a writ of <u>certiorari</u> with the United States Supreme Court. <u>See Anderson v. Litscher</u>, 281 F.3d 672, 674-75 (7th Cir. 2002).

Beginning on May 7, 2002, the statute ran until Palmer filed his state

post-conviction petition on August 18, 2002, 104 days later.² The statute was tolled during the time that his state post-conviction petition was pending. 28 U.S.C. § 2244(d)(2). Palmer's state post-conviction petition was no longer pending after September 29, 2005, when the Illinois Supreme Court denied his PLA. Palmer then had 261 days left, until June 13, 2006, on the one-year statute to file his Petition. He did not mail his Petition until September 27, 2006, after the statute of limitations ran. His Petition is, thus, barred.

Palmer argues that his state post-conviction petition tolled the statute until ninety days after the Illinois Supreme Court denied his PLA because he had ninety days to file a petition for a writ of <u>certiorari</u> with the United States Supreme Court. That is incorrect. The statute of limitations is not tolled during the time in which a petitioner could have filed, but did not, a petition for <u>certiorari</u> to review the denial of state post-conviction relief. <u>Jones v. Hulick</u>, 449 F.3d 784, 788 (7th Cir. 2006). Palmer did not file a petition for <u>certiorari</u>, so the statute was not tolled during this ninety-day period.

---

²The Respondent calculates this period as 102 days. The Court's calculation is 104 days. The difference is not material in this case.

Palmer next argues that the delay in filing was not his fault. Petitioner's Answer to State's Motion to Dismiss (d/e 20), at 3-4. Palmer is attempting to invoke equitable considerations to toll the statute.[3] To toll the statute on this basis, Palmer must show either: (1) the state engaged in wrongful conduct designed to keep him from filing his Petition; or (2) he exercised all due diligence but, through no fault of his own, could not file his Petition any sooner. See Williams v. Sims, 390 F.3d 958, 960-63 (7th Cir. 2004). He has presented no evidence on either ground. Palmer presents no evidence that the state did anything wrongful for the purpose of keeping him from filing his § 2254 Petition. Palmer alludes, in general, to delays that he has experienced in delivery of mail in prison, but he provides no evidence of any specific situation in which his ability to file his Petition was delayed due to problems with the mail. Palmer also mentions prison policies regarding access to law libraries and cell lock downs that can cause delays of preparation of petitions. Again, however, he provides no evidence demonstrating how any such delay impeded him in this case.

Finally, Palmer claims he is disabled because he has Hepatitis C.

---

[3] Palmer does not assert that the delay was caused by any state action that violated the Constitution or laws of the United States. See 28 U.S.C. § 2244(d)(1)(B), quoted above.

Palmer does not present any specifics concerning how his illness kept him from filing his Petition on time. Palmer has failed to show that he is entitled to any tolling based on equitable considerations. His Petition is barred by the statute of limitations. 28 U.S.C. § 2244(d).

THEREFORE, Respondent Roger Zimmerman's Motion to Dismiss (d/e 10) is ALLOWED. Palmer's Petition for Writ of Habeas Corpus (d/e 2) is dismissed. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: November 1, 2007

FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE